## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL DENNIS CLARK,           )
#17703-030,                     )
                                )
           **Plaintiff,**      )
                                )
vs.                             )          **Case No. 20-cv-00049-JPG**
                                )
WILLIAM TRUE,                   )
MR. COOPER,                     )
MR. DEATON,                     )
T. LAMAR,                       )
and MR. WILLS,                  )
                                )
          **Defendants.**     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Dennis Clark, an inmate in the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1]  In the Complaint, Clark claims that officials at the United States Penitentiary in Marion, Illinois ("USP-Marion"), suspended his TRULINCS electronic messaging privileges and UNICOR computer access in retaliation for filing grievances against prison officials.  (Doc 1, pp. 1-30).  He brings retaliation, due process, and equal protection claims against Defendants under the First and Fifth Amendments.  Clark seeks money damages and injunctive relief that includes restoration of his TRULINCS electronic messaging and UNICOR computer privileges.  (*Id*. at p. 6).

---

[1] Clark also brings suit pursuant to 42 U.S.C. § 1983, which offers a federal remedy for civil rights violations by persons acting under color of state law.  Because this matter involves claims against federal actors and not state actors, it was appropriately brought pursuant to 28 U.S.C. § 1331 and *Bivens*.

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The following allegations are set forth in the Complaint: Clark challenges restrictions placed on his use of TRULINCS at USP-Marion. (Doc. 1, pp. 1-17). The Trust Fund Limited Inmate Communications System (TRULINCS) is an electronic messaging system, similar to email, that allows federal inmates to communicate with individuals outside of prison. (*Id*. at p. 2). Clark claims that Defendants retaliated against him for filing grievances to complain about the conditions of his confinement at USP-Marion by suspending his TRULINCS email messaging and UNICOR inmate computer privileges on March 11, 2019. (*Id*.). Defendants explained that the suspension of privileges was based on Plaintiff's offense history and his prior use of Twitter to send sexually explicit messages to minors and solicit sex from them. (*Id*.).

For the first eight months of his confinement at USP-Marion, Clark had access to TRULINCS. (*Id*. at p. 2). In July 2018, Clark's case manager, Ms. Lamar, approved his initial request for it. (*Id*. at pp. 2, 12). He used TRULINCS email messaging without incident until March 2019. (*Id*.).

In October 2018, Clark was encouraged to pursue a clerk position in UNICOR's cable manufacturing plant. (*Id*.). He was required to have UNICOR inmate computer access for this position. (*Id*.). Lamar assured Clark that his UNICOR computer privileges were not a problem.

(*Id.* at p. 12).  In November 2018, he took the new position and began several months of training.  (*Id.* at p. 3).  In February 2019, Plaintiff again sought confirmation that he had no restrictions on his computer access.  (*Id.* at p. 12).  During his conversation with Case Manager Lamar and Counselor Wills, Plaintiff complained of difficulties communicating with them because of their failure to hold inmate open houses and their tardy arrival at work.  (*Id.*).

Plaintiff also filed grievances to complain about their general unavailability and the conditions of his confinement.  (*Id.* at pp. 3-4, 9).  Following submission of these grievances to Warden True and this conversation with Case Manager Lamar and Counselor Will, Unit Manager Deaton informed Plaintiff that his TRULINCS messaging and UNICOR computer privileges were suspended.  (*Id.* at pp. 4-6, 8, 12).  Warden True affirmed the decision.  (*Id.*).  Clark's appeal was denied.  (*Id.*).  He was unable to secure his desired job with UNICOR as a result.  Clark seeks reinstatement of his TRULINCS electronic messaging and UNICOR computer privileges absent future violations of BOP rules or regulations.  (*Id.* at p. 6).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

| | |
|---|---|
| **Count 1:** | First Amendment claim against Defendants for violating Clark's right to free speech when they suspended his TRULINCS electronic messaging and UNICOR computer privileges at USP-Marion in March 2019. |
| **Count 2:** | First Amendment retaliation claim against Defendants for suspending Clark's TRULINCS electronic messaging and UNICOR computer privileges in March 2019 after he filed grievances to complain about the conditions of his confinement at USP-Marion. |
| **Count 3:** | Fifth Amendment claim against Defendants for depriving Clark of a protected liberty interest without due process of law when they suspended his TRULINCS electronic messaging and UNICOR computer privileges at USP-Marion in March 2019. |

**Count 4:**     Fifth Amendment claim against Defendants for disregarding, delaying, or mishandling Clark's grievances regarding the suspension of his TRULINCS electronic messaging and UNICOR computer privileges in March 2019.

**Count 5:**     Fifth Amendment class-of-one equal protection claim against Defendants for singling out Clark for discrimination by denying him TRULINCS electronic messaging and UNICOR computer privileges at USP-Marion in March 2019.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

### Counts 1 and 2

In *Ziglar v. Abbasi*, 137 U.S. 1843 (2017), the Supreme Court held that federal courts should not expand *Bivens* into contexts not officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. The Court cited only three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar*, 137 U.S. at 1854-55 (citations omitted). The Supreme Court has not extended *Bivens* to a claim sounding in the First Amendment. *See Sebolt v. Samuels*, 749 F.3d 458 (7th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that the Supreme Court has declined to extend *Bivens* to a claim sounding in the First Amendment)).

In order to fully evaluate whether a *Bivens*-style damages remedy is available for First Amendment violations by federal officials post-*Abbasi* and whether injunctive relief is available as an alternative remedy under any authority, the Court would benefit from briefing on these issues.

_____

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*See Smadi v. True*, 783 F. App'x 633 (7th Cir. Nov. 18, 2019) (remanding case for counseled briefing on scope of *Bivens* remedy for First Amendment claims against federal officials). Counts 1 and 2 shall proceed past screening, and the parties will be required to brief these issues. The Court will assign Plaintiff counsel for this purpose.

### Counts 3, 4, and 5

The Seventh Circuit has declined to recognize a new theory of relief in a *Bivens* action premised on due process violations where the prisoner had alternative avenues to relief through the BOP's administrative grievance process. *Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018). Even if relief is available for due process claims post-*Abbasi*, however, the allegations state no claim.

Due process protections are triggered by the deprivation of a protected interest in life, liberty, or property. A prisoner possesses no protected interest in electronic forms of communication. *See Sebolt v. Samuels*, 749 F.3d 458 (7th Cir. 2018); *Stratton v. Speanek*, No. 14-cv-120-HRW, 2014 WL 6705394, at *3 (E.D. Ky. Nov. 26, 2014) (citing cases) (use of the TRULINCS system is an institutional privilege and not a constitutionally protected right); *Gatch v. Walton*, No. 13-cv-1168-MJR, 2013 WL 6405831, at *3 n. 4 (S.D. Ill. 2013) (collecting cases). Plaintiff also describes no denial of due process. He was given notice of the decision to suspend his privileges, and he had an opportunity to challenge the decision using the BOP administrative review process. The fact that he did not obtain the desired result does not trigger a due process claim. Count 3 shall be dismissed with prejudice for failure to state a claim.

Further, no independent due process claim arises from the mishandling of Plaintiff's grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*,

Case 3:20-cv-00049-JPG   Document 11   Filed 05/01/20   Page 6 of 10   Page ID #43

635 F.3d 950, 953 (7th Cir. 2011) (citations omitted).  The Constitution requires no procedure at all.  Therefore, Count 4 shall also be dismissed with prejudice.

Finally, the class-of-one equal protection claim requires the plaintiff to establish that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  This type of discrimination typically occurs when "a public official with no conceivable basis for his action, other than spite or some other improper motive . . . comes down hard on a hapless private citizen."  *Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016) (internal quotations omitted) (citing *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013)).  A plaintiff may plead himself out of a class-of-one equal protection claim if the Complaint sets forth a rational basis for the treatment a plaintiff received.  *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

The Complaint and exhibits refute Clark's equal protection claim.  Clark alleges that six other sex offender inmates at "high risk to re-offend upon release" had access to TRULINCS and UNICOR computer access at USP-Marion when he did not.  (*Id*. at p. 6).  However, Plaintiff does not identify any inmates whose offense history includes use of the internet and electronic messaging to send sexually explicit content—the reason that Clark's electronic messaging privileges were suspended.  The explanation provides a rational basis for the treatment Clark received, and the allegations do not suggest he was singled out for discrimination.  Count 5 shall be dismissed with prejudice.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A.  **COUNTS 1** and **2** will proceed against Defendants **TRUE, COOPER, DEATON, LAMAR,** and **WILLS**.  **Pursuant to Administrative Order No. 244, Defendants**

**should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNTS 3, 4,** and **5** are **DISMISSED** with prejudice against Defendant **TRUE, COOPER, DEATON, LAMAR,** and **WILLS** for failure to state a claim for relief against the defendants.

The Clerk of Court shall prepare for Defendant**s TRUE, COOPER, DEATON, LAMAR,** and **WILLS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

### Briefing Scheduling

**IT IS ORDERED** that the following briefing schedule shall govern these claims:

7

Within **sixty (60) days** of answering or otherwise responding to the Complaint, Defendants shall file a brief addressing the impact of *Abbasi* on Plaintiff's First Amendment claims for money damages and injunctive relief in Counts 1 and 2.  Plaintiff shall file a response **thirty (30) days** after Defendants file their brief.

### Assignment of Counsel

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b) and the Seventh Circuit's decision in *Smadi v. True*, 783 F. App'x 633 (7th Cir. Nov. 18, 2019), the Court hereby **ASSIGNS** attorney **Steven E. Garlock** of **Thompson Coburn, LLP** located in St. Louis, Missouri to represent Plaintiff in this civil rights case.  On or before **May 15, 2020**, assigned counsel shall enter his appearance in this case.

Attorney Garlock is free to share responsibilities with an associate who is also admitted to practice in this district court.  Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.  Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 1 to attorney Garlock.  The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

8

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.   Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived.  *See* SDIL-LR 83.13.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district.  In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."  The Court

9

encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**MICHAEL DENNIS CLARK, #17703-030**
**Rochester Federal Medical Center**
**Inmate Mail/Parcels**
**P.O. Box 4000**
**Rochester, MN 55903**

**IT IS SO ORDERED.**

**DATED: 5/1/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**