IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL DENNIS CLARK, #17703-030, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 20-cv-00049-JPG ) |
| WILLIAM TRUE, MR. COOPER, MR. DEATON, T. LAMAR, and MR. WILLS, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on a Motion to Dismiss for Failure to State a Claim filed by Defendants True, Cooper, Deaton, Lamar, and Wills. (Doc. 30). For the reasons set forth below, the motion shall be **GRANTED**.

### BACKGROUND

On January 13, 2020, Plaintiff Michael Dennis Clark filed this action for deprivations of his rights by individuals acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Clark alleged that officials at the United States Penitentiary in Marion, Illinois ("USP-Marion"), suspended his TRULINCS privileges and UNICOR computer access in retaliation for filing grievances against prison officials. (Doc 1, pp. 1-30). TRULINCS is an electronic messaging system used by inmates to communicate with individuals outside of prison. (Doc. 11, p. 2). Due to his suspension of access to TRULINCS, Plaintiff was unable to obtain his preferred job through UNICOR. (*Id*. at 3). Clark

1

brought this action to assert free speech, retaliation, due process, and equal protection claims against the individual defendants under the First and Fifth Amendments. (Doc. 1). He requested money damages and restoration of his privileges. (*Id*. at 6).

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with the following two claims against all of the individual federal officers named as defendants:

> **Count 1:** First Amendment claim against Defendants for violating Clark's right to free speech when they suspended his TRULINCS electronic messaging and UNICOR computer privileges at USP-Marion in March 2019.
>
> **Count 2:** First Amendment retaliation claim against Defendants for suspending Clark's TRULINCS electronic messaging and UNICOR computer privileges in March 2019 after he filed grievances to complain about the conditions of his confinement at USP-Marion.

(*See* Doc. 11, p. 6). In order to more fully evaluate whether a *Bivens*-style damages remedy is available for these First Amendment violations by federal officials following the United States Supreme Court's decision in *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843, 1855 (2017), and whether injunctive relief is available as an alternative remedy, the Court assigned Plaintiff counsel and ordered briefing on the issues. *See Smadi v. True*, 783 F. App'x 633 (7th Cir. Nov. 18, 2019) (remanding case for counseled briefing on scope of *Bivens* remedy for First Amendment claims against federal officials). All other claims were dismissed. (Doc. 11, p. 6).

Defendants filed a Motion to Dismiss for Failure to State a Claim on February 10, 2021. (Doc. 30). Plaintiff filed a Response in Opposition on March 15, 2021. (Doc. 32). Defendants replied on March 29, 2021 (Doc. 33).

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint and not the merits. *See* FED. R. CIV. P.

12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson*, 910 F.2d at 1520. In order to survive a Rule 12(b)(6) motion, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## DISCUSSION

Clark brings both First Amendment claims pursuant to the theory recognized in *Bivens v. Six Unknown Fed'l Narcotics Agents*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court first acknowledged an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens*, 403 U.S. 388 (1971). The Supreme Court has since acknowledged only two other situations in which an implied damages remedy is available. In *Davis v. Passman*, the Court recognized this remedy for a Fifth Amendment claim based on sex discrimination. 442 U.S. 228 (1979). In *Carlson v. Green*, the Court extended the authority to an Eighth Amendment claim based on the denial of medical care for a serious medical condition. 446 U.S. 14 (1980).

3

The Court has since exercised more caution when deciding whether to recognize the implied damages remedy for constitutional claims. *Ashcroft v. Iqbal*, 556 U.S. at 675. In *Abbasi*, the Supreme Court pointed out that "*Bivens, Davis,* and *Carlson* . . . represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S.Ct. at 1855. Further expansion of the *Bivens* remedy has since become a "disfavored judicial activity." *Id*. at 1857.

Post-*Abbasi*, a two-part test is now used to determine whether a *Bivens*-type damages remedy exists outside of these three limited contexts. First, a court must ask if the claim represents an extension of one of the three previously recognized claims, such that it presents a new context. *Id*. at 1857-58. If so, the court must then determine whether special factors counsel hesitation in granting the extension absent affirmative action by Congress. *Id*. Absent "special factors" that counsel otherwise, the *Abbasi* court has made clear that federal courts should not recognize an implied damages remedy in a new context. *Id*. at 1857

**A.     New Context**

A case presents a new *Bivens* context "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Id*. at 1859. As noted above, these cases include *Bivens*, *Davis*, and *Carlson*. Meaningful differences may also be found when examining the right at issue, the rank of the officers involved, the generality or specificity of the official action, the extent of judicial guidance for the official conduct, the statutory or other legal mandate under which the officer was operating, and the risk of disruptive intrusion by the Judiciary into the functioning of other government branches, among other things. *Id*. at 1860. When analyzing whether a case presents a new context, the Supreme Court has cautioned that "even a modest extension is still an extension." *Id*. at 1864.

Plaintiff's claims share virtually nothing in common with *Bivens*, *Davis*, and *Carlson*. His claims involve the right to free speech, the right to send and receive electronic messages, work privileges, and the right to be free from retaliation. *Bivens* involved the Fourth Amendment right to privacy and the constitutionality of home entry, arrest, and search without a warrant. *Bivens*, 403 U.S. at 389-90. *Davis* focused on the right to be free from gender discrimination under the equal protection component of the Fifth Amendment Due Process Clause. *Davis*, 442 U.S. at 247-49. *Carlson* involved an inmate's right to receive medical care under the Eighth Amendment. When determining whether a claim presents a new context, lower courts must read *Bivens* narrowly. *Abbasi*, 137 S.Ct. at 1856-57. When doing so, this Court finds that Plaintiff's free speech and retaliation claims are meaningfully different from previous cases in which the Supreme Court recognized an implied damages remedy under the Constitution. *Id*. at 1859-60. The instant case presents a new *Bivens* context.

**B.      Special Factors**

The Court must next consider whether special factors urge expansion of the *Bivens* remedy into the new context. When making this determination, the Court evaluates "whether the Judiciary is well-suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed," and whether "there is an alternative remedial structure present in a certain case." *Id*. at 1858.

The Court is not well-suited to weigh the costs and benefits of a damages remedy in the context of Plaintiff's claims. Plaintiff essentially challenges application of BOP policies to him, and he specifically cites BOP Program Statement 5265.13, governing TRULINCS messaging. (Doc. 1, pp. 1-2). *Bivens* is not the appropriate vehicle for challenging or changing the TRULINCS

5

policy. *Abbasi*, 137 S.Ct. at 1849 (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001)). Entertaining this challenge interferes with the Executive Branch's operation of the BOP.

Prison officials are better suited to make decisions about restrictions on inmate communications and prison work programs, and courts generally stay out of these decisions. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979). The BOP has broad discretion in prison employment decisions, *see* Inmate Work and Performance Pay Program, 28 C.F.R. § 545.20, *et seq*. Prisoners are not "employees" who are protected by typical employment laws. *See Robinson v. Morris*, 2019 WL 704231, *3 (S.D. Ill. Dec. 23, 2019) (citing *Vanskike v. Peters*, 974 F.2d 806, 808-10 (7th Cir. 1992) (Fair Labor Standards Act); *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (Title VII and Age Discrimination in Employment Act)). The BOP's regulation of federal inmate work programs is a "special factor" that counsels against expansion of the *Bivens* remedy here.

Prison officials concerned with personal liability may be reluctant to make the discretionary decisions required of them for fear of litigation over claims of retaliation for their decisions. *See, e.g., Sargeant v. Barfield*, No. 19-cv-50187, 2021 WL 2473805, at *3 (N.D. Ill. June 17, 2021) (citing *Earle v. Shreves*, 990 F.3d 774, 780-81 (4th Cir. 2021); *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 532-33 (6th Cir. 2020); *Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018)). Retaliation claims are easily manufactured. Therefore, expansion of the implied damages remedy into the First Amendment context will interfere with execution of these official actions and burden federal agencies with increased costs and time associated with prisoner litigation.

Congress has repeatedly rule out money damages when considering what remedies should be available to prisoners. Defendants cite the Civil Rights of Institutionalized Persons Act ("CRIPA"), Pub. L. No. 96-247, 94 Stat. 349 (1980), which authorized the Attorney General to initiate a civil action seeking equitable relief against state officials for unconstitutional behavior.

42 U.S.C. § 1997a(a).  CRIPA provides for no private right of action for money damages.  *Id*.  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, was enacted after the Supreme Court's decisions in *Bivens*, *Passman*, and *Carlson* for the express purpose of reducing costs associated with prisoner lawsuits.  *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).  This legislation significantly limited the manner in which prisoner abuse claims can be brought in federal court, by requiring exhaustion of administrative remedies prior to suit, permitting *sua sponte* dismissal of suits for reasons set forth in 28 U.S.C. § 1915(g), and limiting suits seeking compensation for mental or emotional injury suffered while in custody.  *See* 42 U.S.C. §§ 1997e(a), (c), & (e); *Decker v. Bradley*, No. 19-cv-616-JRS-MJD, 2021 WL 1531178, at *2 (S.D. Ind. April 18, 2021); *Fulks v. Watson*, No. 19-cv-501-JPH-MJD, 2021 WL 1225922, at *6 (S.D. Ind. March 31, 2021).  The *in forma pauperis* statute also restricts prisoner litigation by preventing an inmate from bringing suit or an appeal "unless the prisoner is under imminent danger of serious physical injury" if that inmate has had three or more cases or appeals dismissed as being frivolous, malicious, or for failure to state a claim for relief.  28 U.S.C. § 1915(g).  Legislation in the field of prison litigation since *Bivens*, *Passman*, and *Carlson* counsels against further expansion of the implied damages remedy into this context.  *See Abbasi*, 137 S.Ct. at 1865 ("[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation.").

      Courts across the country have taken the same position on this issue.  The Supreme Court has not extended *Bivens* to a claim arising under the First Amendment.  *See Sebolt v. Samuels*, 749 F.3d 458 (7th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that the Supreme Court has declined to extend *Bivens* to a claim sounding in the First Amendment)); *Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Bush v. Lucas*, 462 U.S. 367, 390 (1983) ("Indeed, we have declined

to extend *Bivens* to a claim sounding in the First Amendment."). Courts of appeals have likewise held that *Bivens* does not extend to First Amendment claims in light of *Abbasi*. *See, e.g., Bistrian v. Levi*, 912 F.3d at 96 (3d Cir. 2018); *Earle v. Shreves*, 990 F.3d at 776 (4th Cir. 2021); *Butler v. Porter*, 999 F.3d 287, 294 (5th Cir. 2021); *Callahan v. Fed. Bureau of Prisons*, 965 F.3d at 525 (6th Cir. 2020); *Johnson v. Burden*, 781 F. App'x 833, 836 (11th Cir. 2019) (holding that First Amendment retaliation claims are an extension of *Bivens*). District courts nationwide largely agree. *See Akande v. Phillips*, No. 17-cv-01243-EAW, 2018 WL 3425009, at *8 (W.D.N.Y. July 11, 2018) (collecting cases and noting that "[n]ationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment") (quoting *Free v. Pelkar*, No. 17-cv-00159-AWI-MJS, 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018)); *Stratmon v. Morris*, No. 12-cv-1837, 2018 WL 3388406, at *3 (E.D. Cal. July 10, 2018) (finding confiscation and interference with mail under First Amendment presents a new context); *Pinson v. United States DOJ*, No. 12-1872, 2021 U.S. Dist. LEXIS 41262, at *21 (D.D.C. Jan. 8, 2021) ("The Court therefore agrees with nearly every other court to have addressed the issue and hold that prisoners cannot bring First Amendment retaliation cases under *Bivens*."); *Oneil v. Rodriguez*, 18-cv-3287, 2020 U.S. Dist. LEXIS 181275, at *11 (E.D.N.Y. Sept. 30, 2020); *Howard v. Lackey*, No. 7:16-129, 2018 WL 1211113, at *3 (E.D. Ky. March 7, 2018) (First Amendment retaliation claim based on failure to receive single piece of mail raised a new context); *Harris v. Dunbar*, Case No. 17-cv-536-WTL, 2018 WL 3574736, at *3 (S.D. Ind. July 25, 2018) (First Amendment interference with mail claim presents a new context). District courts in this Circuit share this opinion. *See, e.g., Sargeant*, Case No. 19-cv-50187-IDJ, 2021 WL 2473805, at *2 (N.D. Ill. June 17, 2021) (answering the question of whether federal inmates have a *Bivens* claim under the First Amendment for retaliation after *Abbasi* with a "unanimous and

resounding . . . 'No!'"); *Silva v. Ward*, No. 16-cv-185, 2019 WL 4721052, at *9 (W.D. Wis. Sept. 26, 2019); *Atkinson v. Broe*, No. 15-cv-386-WMC, 2019 WL 231754, at *18 (W.D. Wis. Jan. 16, 2019); *Borowski v. Baird*, Case No. 16-cv-848-JPG, 2018 WL 6583976 (S.D. Ill. Dec. 14, 2018); *White v. Inch*, Case No. 17-cv-1059-JPG, 2018 WL 6584899 (S.D. Ill. Dec. 14, 2018); *Bradley v. Granger*, Case No. 17-cv-41-JMS, 2018 WL 3022653, at *2-3 (S.D. Ind. June 18, 2018); *Muhammad v. Gehrke*, Case No. 15-cv-334-WTL, 2018 WL 1334936, at *2-3 (S.D. Ind. March 15, 2018); *Harris v. Dunbar*, Case No. 17-cv-536-WTL, 2018 WL 3574736, at *3 (S.D. Ind. July 25, 2018). This Court has reached the same conclusion in prior cases. *See, e.g., Smadi v. True*, No. 18-cv-2149-JPG, 2021 WL 2853262 (S.D. Ill. July 8, 2021); *Robinson v. Morris*, No. 18-cv-164-JPG, 2019 WL 704231 (S.D. Ill. Dec. 23, 2019).

Plaintiff has other remedies available to him. These remedies include the BOP's Administrative Remedies Process. This process "applies to all inmates in institutions operated by the Bureau of Prisons" and "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a)-(b). Plaintiff could, and did, turn to this process for relief. (Doc. 1, pp. 9-15). The fact that he did not obtain the exact relief he sought provides insufficient support for expansion of the implied damages remedy here.

Plaintiff might have also pursued declaratory or injunctive relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*, which provides individuals adversely impacted by agency action with a means of seeking judicial review of the action. *See* 5 U.S.C. §§ 701(a), 702. Although he requested restoration of privileges, Plaintiff did not mention the APA or bring an official capacity claim for declaratory or injunctive relief in the Complaint. His failure to properly plead those claims provides inadequate grounds for expansion of the *Bivens* remedy here.

9

Counts 1 and 2 present a new *Bivens* context. Special factors counsel hesitation in expansion of the implied damages remedy to include these First Amendments claims. Accordingly, Defendants' Motion to Dismiss (Doc. 30) shall be granted.

### DISPOSITION

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 30) is **GRANTED**. **COUNTS 1** and **2** against Defendants **TRUE, COOPER, DEATON, LAMAR,** and **WILLS,** in their individual capacities, are **DISMISSED** with prejudice for failure to state a claim for relief because they represent an unauthorized expansion of the *Bivens* remedy post-*Abbasi*.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **SEPTEMBER 30, 2021**, if he chooses to proceed with any claims for declaratory or injunctive relief in this action against the defendants in their official capacities. He is not required to do so. However, Plaintiff is **WARNED** that failure to file an amended complaint by the deadline shall result in dismissal of the action with prejudice. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 8/27/2021

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**